UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
————————————————————————————

SUSAN T. TAEDGER,

                              Plaintiff,                1:12-CV-0549
                                                   (GTS/RFT)
v.

NEW YORK STATE; NEW YORK STATE DEP'T
OF CORR. SERVS.; BRIAN FISCHER, in his capacity
as Comm'r of New York State Dep't of Corr. Servs.;
PETER HORAN, individually and in his capacity as
Senior Counselor at Downstate Corr. Facility; and
DOWNSTATE CORR. FACILITY,[1]

                              Defendants.

————————————————————————————

APPEARANCES:                                OF COUNSEL:

RANNI LAW FIRM                       JOSEPH J. RANNI, ESQ.
  Counsel for Plaintiff
148 North Main Street
Florida, New York 10921

HON. ERIC T. SCHNEIDERMAN        CHRISTOPHER W. HALL, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, New York 12224-0341

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this employment discrimination action filed by Susan

Taedger ("Plaintiff") against the five above-captioned entities and individuals ("Defendants"), is

a motion to dismiss for failure to state a claim filed by Defendants. (Dkt. No. 11.) For the

reasons set forth below, Defendants' motion is granted in part and denied in part.

——————————————

[1]       Although the caption of the Complaint identified Horan as a "Commissioner" of
Downstate Correctional Facility, the body of the Complaint repeatedly identifies him as a
"Senior Counselor" at that facility. (*See, e.g.,* Dkt. No. 1, at ¶¶ 4, 11.) As a result, the Clerk of
the Court is directed to amend the docket sheet accordingly.

## I.     RELEVANT BACKGROUND

### A.     Plaintiff's Claims

Generally, Plaintiff's Complaint alleges as follows.  Between early 2010 and late 2011, while she worked as a corrections counselor at Downstate Correctional Facility ("C.F."), she was sexually harassed by her direct supervisor, Defendant Peter Horan.  (*See generally* Dkt. No. 1 [Plf.'s Compl.].)  When she spurned his unwelcome and offensive sexual advances, she was subjected to "unwarranted criticism, name calling, humiliation, intimidation, ridicule, mockery, insults, interference with work assignments and performance, excessive and oppressive monitoring, heightened scrutiny, and pretextual verbal and/or written warnings."  (*Id*.)  For example, she was unjustifiably denied assistance with an unreasonably burdensome workload; she was unjustifiably denied leave and/or overtime while other similarly situated employees were granted those things; her complaint of a subordinate's misconduct was ignored; and her work product was unjustifiably corrected. (*Id.*)

Similarly, after she complained to her supervisors of the harassing and discriminatory conduct to which she was being subjected, no good-faith investigation was conducted on her behalf; her prior performance evaluations were improperly corrected, altered, deleted, and/or tampered with; she had her personal possessions taken from her office, and worked product changed in her office, while she was not present; and  she was transferred to another building to dissuade her from making additional complaints. (*Id.*) Subsequently, she was locked out of the facility due to a purported "administrative reason," was ordered by the Head Personnel Clerk to undergo a mental health evaluation, and was placed on involuntary leave.  (*Id.*)  In November, she returned to work, though she remains subject to a termination proceeding.  (*Id.*)

Based on these factual allegations, Plaintiff's Complaint asserts the following nine claims against all Defendants: (1) a claim of discrimination based on gender under 42 U.S.C. §2000e *et seq.* ("Title VII"); (2) a claim of hostile work environment based on gender under Title VII; (3) a claim of retaliation based on complaints of discrimination under Title VII; (4) a claim of discrimination based on gender under the Human Rights Law of the State of New York § 296, *et seq.* ("NYHRL"); (5) a claim of retaliation based on complaints of discrimination under the NYHRL; (6) a claim of hostile work environment based on gender under the NYHRL; (7) a claim of denial of equal protection through gender discrimination in violation of 42 U.S.C. § 1983 ("Section 1983"); (8) a claim of negligent infliction of emotional distress under New York State tort law; and (9) a claim of intentional infliction of emotional distress  under New York State tort law.  (*Id.*)  Familiarity with the particular factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties.  (*Id.*)

### B.     Parties' Briefing on Defendants' Motion

Generally, in support of their motion dismiss, Defendants assert the following nine arguments: (1) Plaintiff's three Title VII claims against Defendants Fischer and Horan in their individual capacities should be dismissed, because individuals are not liable under Title VII; (2) Plaintiff's three NYHRL claims, Section 1983 claim, and two tort claims against Defendants New York State, New York State Department of Correctional Services ("DOCS"), Downstate C.F., and Fischer should be dismissed as barred by the doctrine of sovereign immunity embodied in the Eleventh Amendment; (3) alternatively, Plaintiff's two tort claims against Defendants New York State, DOCS, Downstate C.F., and Fischer for money damages should be dismissed

because those claims must be brought in the New York State Court of Claims; (4) Plaintiff's Section 1983 claim against Defendant Horan should be dismissed for failure to allege facts plausibly suggesting that he was personally involved in the equal protection violation alleged; (5) Plaintiff's two tort claims against Defendant Fisher and Defendant Horan in his individual capacity should be dismissed because New York Correction Law § 24 immunizes them from such claims; (6) alternatively, Plaintiff's claim of intentional infliction of emotional distress against Defendant Horan in his individual capacity should be dismissed because (a) it is barred by the claim's one-year limitations period and (b) it fails to allege facts plausibly suggesting conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community; (7) similarly, Plaintiff's claim of negligent infliction of emotional distress against Defendant Horan in his individual capacity should be dismissed because it fails to allege facts plausibly suggesting that he unreasonably endangered Plaintiff's physical safety or caused her to fear for her physical safety; (8) in the alternative, Plaintiff's three Title VII claims and three NYHRL claims against all Defendants should be dismissed to the extent they are based on events occurring more than 300 days before April 7, 2011 (which was the date on which she filed a charge with the Equal Employment Opportunity Commission); and (9) Plaintiff's Title VII and NYHRL claims of gender discrimination should be dismissed against all Defendants because those claims fail to allege facts plausibly suggesting that Plaintiff experienced an adverse employment action (such as the loss of pay, sick time, vacation time, or a decrease in the terms, conditions or privileges of employment). (*See generally* Dkt. No. 11, Attach. 1 [Defs.' Memo. of Law].)

Generally, in response, Plaintiff asserts the following six arguments: (1) Plaintiff consents to the dismissal of her three Title VII claims against Defendants Horan and Fischer to the extent those two Defendants are sued in their individual capacities; (2) while the Eleventh Amendment (and doctrine of sovereign immunity embodied in it) bars some claims against states (and state employees acting in the official capacities), it does not bar claims brought under statutes enacted to enforce the substantive provisions of the Fourteenth Amendment, such as Title VII; (3) the protection afforded by N.Y. Correction Law § 24 is not absolute and does not extend to actions taken by Defendant Horan in his individual capacity such as sexual harassment, continued discrimination, and retaliation; (4) Plaintiff has stated a claim of intentional infliction of emotional distress against Defendant Horan, and a claim of negligent infliction of emotional distress against him, because she has allege facts plausibly suggesting reactions such as mental anguish, humiliation, horror, grief and shame; (5) while Plaintiff's three Title VII claims do not fall within the 300-day limitations period, her three NYHRL claims are not governed by that limitations period but a three-year limitations period under N.Y. C.P.L.R. § 214 (even that portion of those claims based on events occurring more than 300 days before April 7, 2011); and (6) Plaintiff has stated a claim for gender discrimination under Title VII and NYHRL because she has alleged facts plausibly suggesting that Plaintiff experienced an adverse employment action through suspension, duty reassignments, loss of days off, denial of leave, denial of overtime, tampering with work product, falsification of her signature, and being locked out of the facility without just cause. (*See generally* Dkt. No. 13 [Plf.'s Reply Memo. of Law].)

Generally, in their reply, Defendants assert the following six arguments: (1) Plaintiff has consented (either expressly or implicitly) to Defendants' arguments (a) Plaintiff three Title VII

claims against Defendants Horan and Fischer should be dismissed because individuals are not liable under Title VII, and (b) Plaintiff's NYHRL claims, Section 1983 claim, and two tort claims against Defendants New York State, DOCS, Downstate C.F., and Fischer should be dismissed under the doctrine of sovereign immunity embodied in the Eleventh Amendment; (2) by arguing that only Defendant Horan's conduct was not protected by N.Y. Correction Law § 24, Plaintiff has implicitly conceded that her two tort claims against Defendant Fischer should be dismissed; (3) in her conclusory paragraph on the subject, Plaintiff has failed to (a) identify what particular factual allegations in her Complaint satisfy the tough standard of plausibly suggesting conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community (necessary to state a claim of intentional infliction of emotional distress), and (b) explain why the claim is not barred by the one-year limitations period; (4) in her conclusory paragraph on the subject, Plaintiff has failed to identify what particular factual allegations in her Complaint plausibly suggest that Defendant Horan unreasonably endangered Plaintiff's physical safety or caused her to fear for her physical safety (necessary to state a claim of negligent infliction of emotional distress); (5) while Plaintiff argues that her three NYHRL claims are in no way barred by the 300-day limitations period referenced by Defendants, she expressly concedes that her three Title VII claims are barred to the extent they are  based on events occurring in January and February of 2010; and (6) none of the employment conditions identified by Plaintiff rise to the level of "adverse employment actions" for purposes of gender discrimination claims under Title VII and the NYHRL.  (*See generally* Dkt. No. 14 [Defs.' Reply Memo. of Law].)

## II.     RELEVANT LEGAL STANDARDS

### A.     Legal Standard Governing Motions to Dismiss for Failure to State a Claim

For the sake of brevity, the Court will not recite, in this Memorandum-Decision and Order, the well-known legal standard governing dismissals for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), but will direct the reader to the Court's decision in *Wade v. Tiffin Motorhomes, Inc.*, 686 F. Supp.2d 174, 182-84 (N.D.N.Y. 2009) (Suddaby, J.), which accurately recites that standard.

### B.     Legal Standard Governing Defendants' Challenge to Plaintiff's Claims

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding the legal standards governing Plaintiff's claims in this action, the Court will not recite, in their entirety, those legal standard sin this Decision and Order, which (again) is intended primarily for the review of the parties.  (Dkt. No. 11, Attach. 1 [Defs.' Memo. of Law]; Dkt. No. 13 [Plf.'s Opp'n Memo. of Law]; Dkt. No. 14 [Defs.' Reply Memo. of Law].)

## III.    ANALYSIS

### A.     Plaintiff's Three Title VII Claims

As stated above in Part I.B. of this Decision and Order, Defendants assert the following three arguments, in pertinent part: (1) Plaintiff's three Title VII claims against Defendants Fischer and Horan in their individual capacities should be dismissed because individuals are not liable under Title VII; (2) Plaintiff's three Title VII claims against all Defendants should be dismissed to the extent they are based on events occurring more than 300 days before April 7, 2011; and (3) in the alternative, Plaintiff's Title VII claim of discrimination based on gender should be dismissed against all Defendants because it fails to allege facts plausibly suggesting that she experienced an adverse employment action.

**1.      Lack of Individual Liability**

After carefully considering the matter, the Court finds that Plaintiff's three Title VII

claims against Defendant Horan in his individual capacity should be dismissed for the reasons

stated in Defendants' memoranda of law.  *See, supra,* Part I.B. of this Decision and Order.  The

Court finds that, while any Title VII claims asserted by Plaintiff against Defendant Fischer in his

individual capacity would be dismissed for the same reason, the Court does not liberally construe

Plaintiff's Complaint as asserting any such Title VII claims.  (Dkt. No. 1, at 1 [stating, in caption

of Complaint, that Plf.'s first three claims are asserted against Fisher "in his capacity as

Commissioner of New York State Department of Correctional Services]; Dkt. No. 13, at 5

[attaching page "5" of Plf.'s Opp'n Memo. of Law, stating that Plf.'s first three claims are

asserted against Fisher "in his capacity as Commissioner of New York State Department of

Correctional Services," unlike the remaining six claims, which are asserted against Horan

"individually"].)

The Court would add only one point.  In this District, when a non-movant fails to oppose

a legal argument asserted by a movant in support of a motion, the movant's burden with regard to

that argument has been lightened such that, in order to succeed on that argument, the movant

need only show that the argument possesses facial merit, which has appropriately been

characterized as a "modest" burden. *See* N.D .N.Y. L.R. 7.1(b)(3) ("Where a properly filed

motion is unopposed and the Court determines that the moving party has met its burden to

demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279,

2009 WL 3672105, at *1, n. 1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-

Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n. 3 (N.D.N.Y. Aug .7, 2009)

(Suddaby, J.) (collecting cases).  Here, Defendants are correct that Plaintiff has failed to oppose,

if not expressly consented to, the above-described argument by Defendants.[2]  At the very least,

Defendants have met the lightened burden that was created by Plaintiffs' failure to respond.

For these reasons, Plaintiff's three Title VII claims against Defendant Fischer in his

individual capacity is dismissed.

### 2.    Statute of Limitations

After carefully considering the matter, the Court finds that Plaintiff's Title VII

discrimination claim and Title VII retaliation claim against all Defendants should be dismissed

to the extent they are based on events occurring more than 300 days before April 7, 2011, for the

reasons stated in Defendants' memoranda of law.  *See, supra,* Part I.B. of this Decision and

Order.  Defendants are correct that Plaintiff has expressly conceded this argument.  At the very

least, Defendants have met their lightened burden with regard to this argument.

However, the Court must render a different conclusion with regard to Plaintiff's Title VII

hostile-work-environment claim against all Defendants, given the Supreme Court's holding in

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) (holding that employee could

recover on hostile work environment claim for acts occurring more than 300 days before charge

was filed with EEOC, as long as acts were part of same hostile work environment and at least

one occurred within 300-day period ).

For these reasons, to the extent Plaintiff's Title VII discrimination claim against

Defendants and her Title VII retaliation claim against Defendants are based on events occurring

---

[2]    For example, in her Opposition Memorandum of Law, Plaintiff argues that her three VII claims are asserted against Defendant Horan in only his official capacity.  (Dkt. No. 13, at 5 [attaching page "5" of Plf.'s Opp'n Memo. of Law].)  The Court notes that this fact is not apparent from the face of Plaintiff's Complaint, which names Defendant Horan in his individual *and official* capacities in its caption and appears to assert its First, Second and Third Causes of Action against *all* Defendants.  (Dkt. No. 1, at 1, 9-12.)

before June 11, 2010,[3] those claims are dismissed.  However, Defendants' statute-of-limitations argument is rejected with regard to Plaintiff's Title VII hostile-work-environment claim.

### 3.    Lack of Adverse Employment Action

After carefully considering the matter, the Court rejects Defendants' adverse-employment-action argument with regard to Plaintiff's Title VII claim of gender discrimination for the reasons stated in Plaintiff's opposition memorandum of law.  *See, supra,* Part I.B. of this Decision and Order.

The Court would add only one point.  While Plaintiff's Complaint does not appear to expressly allege a loss of pay, sick time, or vacation time, it does appear to allege facts plausibly suggesting a decrease in the terms, conditions or privileges of employment.  For example, it alleges that she received an unreasonable amount of additional work, was unjustifiably denied overtime and was unjustifiably denied time off.  (Dkt. No. 1 at ¶¶ 13, 14, 22.)   Moreover, it alleges that, on or about September 27, 2011, Plaintiff was placed on involuntary leave by DOCS' director of human resources, on which she remained until November 8, 2011.  (*Id.* at ¶ 31.)  The Court has found at least one case indicating that being placed on involuntary leave is itself an adverse employment action.  *See Lara v. City of New York*, 97-CV-7663, 1999 WL 459803, at *4 (S.D.N.Y. June 29, 1999) ("There is no dispute that Lara is a member of a protected class and that he suffered an adverse employment action when he was placed on the involuntary leave of absence."); *cf. Waldo v. New York City Health and Hosp. Corp.,* 06-CV-2614, 2009 WL 2777003, at *16 (E.D.N.Y. Aug. 31, 2009) ("Plaintiff satisfies the elements of a retaliation claim [under Title VII] . . . adverse employment *actions*, i.e., plaintiff s placement on involuntary medical leave and subsequent termination.") (emphasis added).

---

[3]        By the Court's calculation, 300 days before April 7, 2011, was June 11, 2010.

For these reasons, the following Title VII claims survive Defendants' motion: (1) Plaintiff's Title VII hostile-work-environment claim against Defendant Horan in his official capacity and against all other Defendants; (2) Plaintiff's Title VII discrimination claim against Defendant Horan in his official capacity and against all other Defendants to the extent that claim based on events occurring after June 11, 2010; and (3) Plaintiff's Title VII retaliation claim against Defendant Horan in his official capacity and against all other Defendants to the extent that claim is based on events occurring after June 11, 2010. However, because the Court imagines that a more fully developed record and more detailed briefing on the statue-of-limitation issue and adverse-employment-action issue could yield a different result, the Court will revisit those two issues on a motion for summary judgment, should Defendants choose to file one.[4]

**B.     Plaintiff's Three NYHRL Claims**

As stated above in Part I.B. of this Decision and Order, Defendants assert the following three arguments, in pertinent part: (1) Plaintiff's three NYHRL claims against Defendants New York State, DOCS, Downstate C.F., and Fischer should be dismissed as barred by the doctrine of sovereign immunity embodied in the Eleventh Amendment; (2) Plaintiff's three NYHRL claims against all Defendants should be dismissed to the extent they are based on events occurring more than 300 days before April 7, 2011; and (3) in the alternative, Plaintiff's Title NYHRL claim of discrimination based on gender should be dismissed against all Defendants because it fails to allege facts plausibly suggesting that she experienced an adverse employment action.

---

[4]     On any such motion for summary judgment, Defendants are also free to assert an argument that Plaintiff's Title VII hostile-work-environment claim against Defendant Horan in his official capacity (as well as against DOCS and Downstate C.F.) should be dismissed as redundant of her existing Title VII hostile-work-environment claim against Defendant New York State–which the Court did not construe Defendants' motion to dismiss to be making or Plaintiff's opposition papers to be conceding (and which the Court cannot *sua sponte* decide in this action).

## 1. Sovereign Immunity Under Eleventh Amendment

After carefully considering the matter, the Court finds that Plaintiff's three NYHRL claims against Defendants New York State, DOCS, Downstate C.F., and Fischer should be dismissed for the reasons stated in Defendants' memoranda of law. *See, supra,* Part I.B. of this Decision and Order.

The Court would add only two points. First, Defendants are correct that Plaintiff has conceded this argument.[5] Furthermore, the Court finds that, at the very least, Defendants have met their lightened burden with regard to this argument. Second, in her opposition memorandum of law, Plaintiff appears to implicitly withdraw her three NYHRL claims against Defendant Horan in his official capacity. *See, infra,* note 5 of this Decision and Order. The Court finds that such withdrawal is appropriate, again for the reasons stated in Defendants' memoranda of law.

## 2. Statute of Limitations

After carefully considering the matter, the Court finds that, in the alternative, Plaintiff's NYHRL discrimination claim and NYHRL retaliation claim against all Defendants should be dismissed to the extent they are based on events occurring before June 11, 2010; however, Defendants' statute-of-limitations argument is rejected with regard to Plaintiff's NYHRL hostile-work-environment claim. The Court renders these conclusions for the reasons stated above in Part III.A.2. of this Decision and Order.

---

[5] For example, in her Opposition Memorandum of Law, Plaintiff argues that her three NYHRL claims are asserted against only Defendant Horan in his individual capacity. (Dkt. No. 13, at 6 [attaching page "6" of Plf.'s Opp'n Memo. of Law].) The Court notes that this fact is not apparent from Plaintiff's Complaint, which names Defendant Horan in his individual *and official* capacities in its caption and appears to assert its Fourth, Fifth and Sixth Causes of Action against *all* Defendants. (Dkt. No. 1, at 1, 12-14.)

### 3. Lack of Adverse Employment Action

After carefully considering the matter, the Court rejects Defendants' adverse-employment-action argument with regard to Plaintiff's NYHRL claim of gender discrimination. The Court renders this conclusion for the reasons stated above in Part III.A.2. of this Decision and Order.

For these reasons, the following NYHRL claims survive Defendants' motion: (1) Plaintiff's NYHRL hostile-work-environment claim against Defendant Horan in his individual capacity; and (2) Plaintiff's NYHRL discrimination claim and NYHRL retaliation claim against Defendant Horan in his individual capacity to the extent those claims are based on events occurring after June 11, 2010.

### C. Plaintiff's Section 1983 Equal Protection Claim

As stated above in Part I.B. of this Decision and Order, Defendants assert the following two arguments, in pertinent part: (1) Plaintiff's three Section 1983 equal protection claim against Defendants New York State, DOCS, Downstate C.F., and Fischer should be dismissed as barred by the doctrine of sovereign immunity embodied in the Eleventh Amendment; and (2) Plaintiff's Section 1983 claim against Defendant Horan should be dismissed for failure to allege facts plausibly suggesting that he was personally involved in the equal protection violation alleged.

### 1. Sovereign Immunity Under Eleventh Amendment

After carefully considering the matter, the Court finds that Plaintiff's Section 1983 equal protection claim against Defendants New York State, DOCS, Downstate C.F., and Fischer should be dismissed for the reasons stated in Defendants' memoranda of law. *See, supra,* Part I.B. of this Decision and Order.

The Court would add only two points. First, Defendants are correct that Plaintiff has conceded this argument.[6] Furthermore, the Court finds that, at the very least, Defendants have met their lightened burden with regard to this argument. Second, in her opposition memorandum of law, Plaintiff appears to implicitly withdraw her Section 1983 equal protection claim against Defendant Horan in his official capacity. *See, infra,* note 6 of this Decision and Order. The Court finds that such withdrawal is appropriate, again for the reasons stated in Defendants' memoranda of law.

### 2. Lack of Personal Involvement

After carefully considering the matter, the Court rejects Defendants' lack-of-personal-involvement argument with regard to Plaintiff's Section 1983 equal protection claim against Defendant Horan in his individual capacity. While it is true that Plaintiff did not respond to this argument, it is also true that Defendants asserted it in only one sentence of the "Preliminary Statement" section of their memorandum of law in chief. (Dkt. No. 11, Attach. 1, at 3 [attaching page "1" of Defs.' Memo. of Law].) In any event, the Court finds that, liberally construed, Plaintiff's Complaint alleges facts plausibly suggesting such personal involvement through, for example, (allegedly) personally harassing her and retaliating against her based on her gender (*See, e.g.,* Dkt. No. 1, at ¶¶ 11-14, 18, 24, 32.)

For these reasons, surviving Defendants' motion is Plaintiff's Section 1983 equal protection claim against Defendant Horan in his individual capacity.

---

[6]     For example, in her Opposition Memorandum of Law, Plaintiff argues that her Section 1983 equal protection claim is asserted against only Defendant Horan in his individual capacity. (Dkt. No. 13, at 6 [attaching page "6" of Plf.'s Opp'n Memo. of Law].) The Court notes that this fact is not apparent from Plaintiff's Complaint, which names Defendant Horan in his individual *and official* capacities in its caption and appears to assert its Seventh Cause of Action against *all* Defendants. (Dkt. No. 1, at 1, 15.)

**D. Plaintiff's Claims of Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress**

As stated above in Part I.B. of this Decision and Order, Defendants assert the following five arguments, in pertinent part: (1) Plaintiff's two tort claims against Defendants New York State, DOCS, Downstate C.F., and Fischer should be dismissed as barred by the doctrine of sovereign immunity embodied in the Eleventh Amendment; (2) Plaintiff's two tort claims against Defendants New York State, DOCS, Downstate C.F., and Fischer for money damages should be dismissed because those claims must be brought in the New York State Court of Claims; (3) Plaintiff's two tort claims against Defendant Fischer and Defendant Horan in his individual capacity should be dismissed because New York Correction Law § 24 immunizes them from such claims; (4) Plaintiff's claim of intentional infliction of emotional distress against Defendant Horan in his individual capacity should be dismissed because (a) it is barred by the claim's one-year limitations period and (b) it fails to allege facts plausibly suggesting conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community; and (5) Plaintiff's claim of negligent infliction of emotional distress against Defendant Horan in his individual capacity should be dismissed because it fails to allege facts plausibly suggesting that Defendant Horan unreasonably endangered Plaintiff's physical safety or caused her to fear for her physical safety.

**1. Sovereign Immunity Under Eleventh Amendment**

After carefully considering the matter, the Court finds that Plaintiff's two tort claims against Defendants New York State, DOCS, Downstate C.F., and Fischer should be dismissed for the reasons stated in Defendants' memoranda of law. *See, supra,* Part I.B. of this Decision and Order.

The Court would add only two points.  First, Defendants are correct that Plaintiff has conceded this argument.[7]  Furthermore, the Court finds that, at the very least, Defendants have met their lightened burden with regard to this argument.  Second, in her opposition memorandum of law, Plaintiff appears to implicitly withdraw her two tort claims against Defendant Horan in his official capacity.  *See, infra,* note 7 of this Decision and Order.  The Court finds that such withdrawal is appropriate, again for the reasons stated in  Defendants' memoranda of law.

### 2.      Exclusive Jurisdiction in New York Court of Claims

After carefully considering the matter, the Court finds that it need not, and does not reach the merit of this argument, because it appears to be redundant of the argument discussed above in Part III.D.1. of this Decision and Order.

### 3.      Immunity Under New York Correction Law § 24

After carefully considering the matter, the Court finds that, in the alternative, Plaintiff's two tort claims against Defendant Horan in his official capacity (and Defendant Fischer) should be dismissed for the reasons stated in Defendants' memoranda of law.  *See, supra,* Part I.B. of this Decision and Order.

The Court would add only three points.  First, Defendants are correct that Plaintiff has conceded this argument.[8]  Furthermore, the Court finds that, at the very least, Defendants have

_____

[7]      For example, in her Opposition Memorandum of Law, Plaintiff argues that her two tort claims are asserted against only Defendant Horan in his individual capacity.  (Dkt. No. 13, at 6 [attaching page "6" of Plf.'s Opp'n Memo. of Law].)  The Court notes that this fact is not apparent from Plaintiff's Complaint, which names Defendant Horan in his individual *and official* capacities in its caption and appears to assert its Eighth and Ninth Causes of Action against *all* Defendants.  (Dkt. No. 1, at 1, 15-16.)

[8]      For example, in her Opposition Memorandum of Law, Plaintiff argues that her two tort claims are asserted against only Defendant Horan in his individual capacity.  (Dkt. No. 13, at 6 [attaching page "6" of Plf.'s Opp'n Memo. of Law].)  The Court notes that this fact is not apparent from Plaintiff's Complaint, which names Defendant Horan in his individual *and official* capacities in its caption and appears to assert its Eighth and Ninth Causes of Action against *all* Defendants.  (Dkt. No. 1, at 1, 15-16.)

met their lightened burden with regard to this argument.  Second, in her opposition memorandum of law, Plaintiff appears to implicitly withdraw her two tort claims against Defendant Fisher and Defendant Horan in his official capacity.  *See, infra,* note 8 of this Decision and Order.  The Court finds that such withdrawal is appropriate, again for the reasons stated in  Defendants' memoranda of law.  Third, Defendants do not appear to be requesting the dismissal of Plaintiff's two tort claims against Defendant Horan in his individual capacity;[9] and, in any event, the Court would reject any such argument for the reason stated in Plaintiff's opposition memorandum of law.  *See, supra,* Part I.B. of this Decision and Order.

### 4.    Impact of Statute of Limitations on Claim of Intentional Infliction of Emotional Distress

After carefully considering the matter, the Court finds that Plaintiff's claim of intentional infliction of emotional distress against Defendant Horan in his individual capacity should be dismissed for the reasons stated in Defendants' memoranda of law.  *See, supra,* Part I.B. of this Decision and Order.

The Court would add only two points.  First, Defendants are correct that Plaintiff has conceded this argument.[10]  Furthermore, the Court finds that, at the very least, Defendants have

---

[9]    The Court notes that the last paragraph on page 6 of Defendants' memorandum of law begins by stating, "As for Commissioner Fischer, if sued in his individual capacity, and Senior Counselor Horan, Correction Law section 24 gives them immunity from such claims." (Dkt. No. 11, Attach. 1, at 8 [attaching page "6" of Defs.' Memo. of Law].)   The Court construes that sentence as containing a typographical error, intending to mean, "As for *Senior Counselor Horan*, if sued in his individual capacity, and *Commissioner Fischer* (who is sued only in his official capacity), Correction Law section 24 gives them immunity from such claims."  Elsewhere in their memorandum of law, Defendants appear to recognize that the caption of the Complaint expressly names Fisher in only his official capacity, and Horan in both his official and individual capacities.

[10]    For example, in her Opposition Memorandum of Law, Plaintiff argues that her claim of intentional infliction of emotional distress is asserted against only Defendant Horan in his individual capacity.  (Dkt. No. 13, at 6 [attaching page "6" of Plf.'s Opp'n Memo. of Law].) The Court notes that this fact is not apparent from Plaintiff's Complaint, which names Defendant Horan in his individual *and official* capacities in its caption and appears to assert its Ninth Cause of Action against *all* Defendants.  (Dkt. No. 1, at 1, 16.)

met their lightened burden with regard to this argument.  Second, in her opposition memorandum of law, Plaintiff appears to implicitly withdraw her claim of intentional infliction of emotional distress Defendant Horan in his official capacity as well as against the other Defendants.  *See, infra,* note 8 of this Decision and Order.  The Court finds that such withdrawal is appropriate, again for the reasons stated in  Defendants' memoranda of law.

### 5.     Lack of Outrageous-and-Extreme Element of Claim of Intentional Infliction of Emotional Distress

After carefully considering the matter, the Court finds that it need not, and does not, reach the merit of this argument, given the statute-of-limitations ground on which to dismiss this claim against Defendant Horan in his individual capacity.

### 6.     Lack of Danger-to-Physical Safety Element of Claim of Negligent Infliction of Emotional Distress

After carefully considering the matter, the Court finds that Plaintiff's claim of negligent infliction of emotional distress against Defendant Horan in his individual capacity should be dismissed for the reasons stated in Defendants' memoranda of law.  *See, supra,* Part I.B. of this Decision and Order.

The Court would add only two points.  First, Plaintiff's detailed Complaint is conspicuously absent of any factual allegation plausibly suggesting Defendant Horan had, or even threatened, physical contact with her.  (*See, e.g.,* Dkt. No. 1, at ¶¶ 11-14, 18, 24, 32.) Second, because the actions alleged here were intentional and deliberate, they appear outside the ambit of actionable negligence. "New York Courts have rejected uniformly such attempts to transmogrify intentional torts into 'negligence.'" *Schmidt v. Bishop*, 779 F. Supp. 321, 324-25 (S.D.N.Y.1991) (dismissing negligence claim by plaintiff who alleged that her priest sexually abused her); *accord, Wilson v. Diocese of N.Y. of Episcopal Church*, 96-CV-2400, 1998 WL 82921, at *6 (S.D.N.Y. Feb. 26, 1998) (citing cases).

For these reasons, Plaintiff's two tort claims against Defendants are dismissed in their entirety.

**ACCORDINGLY,** it is

**ORDERED** that, in accordance with note 1 of this Decision and Order, the Clerk of the Court is directed to amend the docket sheet so as to identify Peter Horan as a "Senior Corrections Counselor" at Downstate Correctional Facility, rather than as the "Commissioner" of that facility; and it is further

**ORDERED** that Defendants' motion to dismiss for failure to state a claim upon which relief can be granted (Dkt. No. 11) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that the following claims are **DISMISSED** from Plaintiff's Complaint (Dkt. No. 1):

(1) Plaintiff's Title VII discrimination claim against Defendant Horan in his individual capacity;

(2) Plaintiff's Title VII hostile-work-environment claim against Defendant Horan in his individual capacity;

(3) Plaintiff's Title VII retaliation claim against Defendant Horan in his individual capacity;

(4) Plaintiff's Title VII discrimination claim against Defendants New York State, DOCS, Downstate C.F., Fischer, and Horan in his official capacity to the extent it is based on events occurring before June 11, 2010;

(5) Plaintiff's Title VII retaliation claim against Defendants New York State, DOCS, Downstate C.F., Fischer, and Horan in his official capacity to the extent it is based on events occurring before June 11, 2010;

(6) Plaintiff's NYHRL discrimination claim against Defendants New York State, DOCS, Downstate C.F., Fischer, and Horan in his official capacity;

(7) Plaintiff's NYHRL hostile-work-environment claim against Defendants New York State, DOCS, Downstate C.F., Fischer, and Horan in his official capacity;

(8) Plaintiff's NYHRL retaliation claim against Defendants New York State, DOCS, Downstate C.F., Fischer, and Horan in his official capacity;

(9) Plaintiff's NYHRL discrimination claim against Defendant Horan in his individual capacity to the extent that claim is based on events occurring before June 11, 2010;

(10) Plaintiff's NYHRL retaliation claim against Defendant Horan in his individual capacity to the extent that claim is based on events occurring before June 11, 2010;

(11) Plaintiff's Section 1983 equal protection claim against Defendants New York State, DOCS, Downstate C.F., Fischer, and Horan in his official capacity;

(12) Plaintiff's intentional-infliction-of-emotional-distress claim against all Defendants; and

(13) Plaintiff's negligent-infliction-of-emotional-distress claim against all Defendants; and it is further

**ORDERED** that the following claims **<u>SURVIVE</u>** Defendants' motion (Dkt. No. 11):

(1) Plaintiff's Title VII hostile-work-environment claim against Defendants New York State, DOCS, Downstate C.F., Fischer, and Horan in his official capacity;

(2) Plaintiff's Title VII discrimination claim against Defendants NewYork State, DOCS, Downstate C.F., Fischer, and Horan in his official capacity to the extent that claim based on events occurring after June 11, 2010;

(3) Plaintiff's Title VII retaliation claim against Defendants New York State, DOCS, Downstate C.F., Fischer, and Horan in his official capacity to the extent that claim based on events occurring after June 11, 2010

(4) Plaintiff's NYHRL hostile-work-environment claim against Defendant Horan in his individual capacity;

(5) Plaintiff's NYHRL discrimination claim against Defendant Horan in his individual capacity to the extent that claim is based on events occurring after June 11, 2010;

(6) Plaintiff's NYHRL retaliation claim against Defendant Horan in his individual capacity to the extent that claim is based on events occurring after June 11, 2010;  and

(7) Plaintiff's Section 1983 equal protection claim against Defendant Horan in his individual capacity; and it is further

**ORDERED** that this case is referred back to Magistrate Judge Treece for a Rule 16 conference and the setting of pretrial scheduling deadlines.

Dated: October 15, 2013
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge